UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES WILLIAMS, | No.  2:12-cv-2894 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| FREEZE, et al., | |
| Defendants. | |

Plaintiff proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff makes several requests.

First, plaintiff seeks an extension of time within which to file an opposition to the motion to dismiss filed February 7, 2014, by defendant Dernoncourt.  Plaintiff states that receipt of his legal materials has lagged behind his transfer from High Desert State Prison (HDSP) to Kern Valley State Prison (KVSP), and that he requires evidence of a court deadline to obtain adequate access to the law library.  Consistently, on March 3, 2014, the court directed the Attorney General's Office to contact the appropriate officials at HSDP and KVSP to facilitate the immediate transfer of plaintiff's legal materials, and to file and serve a statement concerning this matter within fourteen days.  (See ECF No. 24.)  Plaintiff has demonstrated good cause warranting the requested four-week extension of time.

////

1

Second, plaintiff requests the assistance of the court in obtaining accurate information to serve process on defendant Boyd. Although plaintiff has timely responded to the court's January 7, 2014 order directing plaintiff to submit alternative service information (see ECF No. 16), plaintiff has submitted the same address he previously provided for defendant Boyd, albeit with "Special Instructions" indicating that Boyd was working at California State Prison-Solano (CSP-SOL), "B" Side, "visiting strip officer post #251478," on March 20, 2011, until at least July 22, 2012. (See ECF No. 25). However, prior attempted service of process on defendant Boyd at CSP-SOL was returned unserved due to "insufficient identifying information, unable to locate." (See ECF Nos. 14, 16.) The court will therefore direct the Attorney General's Office to inquire as to the current business or home address of defendant Boyd, and provide any new service information to plaintiff and the court (or may file proof that it has provided such information confidentially to the U.S. Marshal's Office for service).

Third, plaintiff requests the appointment of counsel. Plaintiff states that he has a tenth-grade education, is unlearned in the law, and has limited access to the prison law library. Plaintiff also avers that he is indigent and cannot afford to obtain counsel on his own, that his case has merit, and that an attorney will be better able to obtain and present evidence necessary for plaintiff to prevail in this action.

Plaintiff is informed that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

////

2

Plaintiff's asserted circumstances are common to most prisoners. A tenth-grade education, lack of legal education, and limited law library access do not establish exceptional circumstances warranting appointment of counsel. To date, the court has found the allegations of plaintiff's complaint, and his various other filings, to be sufficiently articulate. This case is not exceptionally complex -- it is limited to one legal claim, a First Amendment retaliation claim, against each of three defendants. Plaintiff may obtain the evidence he seeks through discovery. For these reasons, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (ECF No. 27), within which to file an opposition to defendant Dernoncourt's motion to dismiss filed February 7, 2014, is granted; plaintiff shall file and serve his opposition on or before April 15, 2014.

2. Plaintiff's request for judicial intervention (ECF No. 26), is granted, as follows:

a. Defendants' counsel (the Attorney General's Office) shall query the California Department of Corrections and Rehabilitation (CDCR), to ascertain the current business or home address of defendant Boyd.

b. If defendants' counsel ascertains the current business or home address of defendant Boyd, whether he is still employed with CDCR, another California state agency, or an unrelated business, counsel shall so inform plaintiff and the court (or may file proof that it has provided such information confidentially to the U.S. Marshal's Office for service).

c. If defendants' counsel cannot ascertain the current business or home address of defendant Boyd, after conducting a good faith inquiry, counsel shall so inform plaintiff and the court.

d. Defendants' counsel shall file and serve the appropriate response within 21 days after the filing date of this order.

3. Defendants' counsel is reminded of the 14-day deadline for filing and serving a statement concerning the transfer of plaintiff's legal materials. (See ECF No. 24 (filed Mar. 3, 2014).)

4. Plaintiff's request for appointment of counsel (ECF No. 28), is denied without prejudice.

SO ORDERED.

Dated: March 17, 2014

/will2894.8E.sup.misc.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE