UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES WILLIAMS, | No. 2:12-cv-2894 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| FREEZE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in this civil rights action against defendants Boyd, Swetland and Dernoncourt, on plaintiff's First Amendment retaliation claims under 42 U.S.C. § 1983. Defendants Swetland and Boyd have answered the complaint. Defendant Dernoncourt filed a motion to dismiss on the ground that plaintiff failed to exhaust his administrative remedies as to Dernoncourt. The court denied the motion to dismiss without prejudice to the filing of a motion for summary judgment on the same grounds, as required by Albino v. Baca, __ F.3d __, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc). The period of time for filing the motion for summary judgment has not yet expired. Pursuant to the Discovery and Scheduling Order issued February 21, 2014, discovery closes on June 6, 2014, and dispositive motions are due on or before August 29, 2014. (ECF No. 21.)

////

////

1

1    Currently pending before the undersigned[1] are the following matters filed by plaintiff:
2    (1) Motion to be Present at Any Deposition of Any Witnesses Being Deposed by the Defendants
3    (ECF No. 37); and (2) Request for Blank Subpoena[s] to Command Production of Documents on
4    a Third Party (ECF No. 38).

5    Pursuant to his first motion, plaintiff seeks general authorization to attend any deposition
6    noticed by defendants; plaintiff identifies no specific deposition.  Plaintiff states, alternatively,
7    that he "is willing to offer the alternative of being allowed to attend depositions by phone, or any
8    other method as the court deems fit."  (ECF No. 37 at 3.)

9    However, incarcerated parties do not have a constitutional right to attend depositions
10   noticed by opposing parties.  More specifically, "an incarcerated plaintiff has no constitutional
11   right to attend the depositions taken in his civil action."  In re Wilkinson, 137 F.3d 911, 914 (6th
12   Cir. 1998) (citing In re Collins, 73 F.3d 614, 615 (6th Cir. 1995).  As the court in Wilkinson
13   explained:

> The reasoning supporting the rule was articulated by the Supreme Court nearly a half century ago: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.  Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now 28 U.S.C. § 1654] to parties in all courts of the United States to "plead and manage their own causes personally."  Price v. Johnston, 334 U.S. 266, 285-86 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467 (1991). We often have employed the Supreme Court's reasoning in the context of limits placed upon prison inmates' participation in their own civil litigation.  In fact, in Holt v. Pitts, 619 F.2d 558 (6th Cir.1980), this court noted that "[g]enerally speaking, prisoners who bring civil actions, including prisoners who bring actions under the rights statute, 42 U.S.C. § 1983, have no right to be personally present at any stage of the judicial proceedings."  See Holt, 619 F.2d at 560 (emphasis added).

23   In re Wilkinson, 137 F.3d at 914.

24   In Wilkinson, the Court of Appeals vacated the order of the district court authorizing the
25   inmate plaintiff's attendance at a pretrial deposition noticed by defendants.  The appellate court
26   identified the following factors to be considered:

---

[1] Also pending, before the district judge, is plaintiff's motion for reconsideration of the undersigned's order denying his request for appointment of counsel.

> In order to attend a pretrial deposition . . . , the inmate has the burden of producing evidence that . . . his attendance at this particular deposition is required. This includes a demonstration that his physical presence will contribute significantly to a fair adjudication of his claim. Furthermore, when determining whether the prisoner has made a specialized showing of need, the court must consider the interests of prison officials as well as the inmate. . . . [T]he relevant factors a district court should weigh in exercising its discretion in making this determination . . . include: "[T]he costs and security risks involved in transporting the inmate to the deposition site and in maintaining his presence at the deposition, the importance of the testimony of the deponent to the claims alleged, the need for the inmate to be physically present during the deposition, the inmate's individual security history, general security issues, and the availability of alternative means to accommodate the concerns of both the inmate and the prison officials." This formulation allows the district court to consider both the interests of the inmate in attending the deposition and of the prison system in maintaining security and safety in the prison.

In re Wilkinson, 137 F.3d at 915-16 (quoting In re Collins, 73 F.3d at 615); accord, Smith v. Adam, 2013 WL 1283478 at *7 (N.D. Cal. 2013).

In the present case, plaintiff's motion fails at the first step, because he has no particular deposition in mind. Absent a specific request, the court is unable to consider the relevant factors. Accordingly, plaintiff's motion will be denied without prejudice.

Pursuant to his second request, plaintiff asks the court to send him four blank subpoenas, with instructions, for the purpose of requesting the production of documents from third parties; plaintiff identifies neither the third parties nor the documents requested. Although the court will authorize plaintiff's receipt of the requested blank subpoenas, to be completed by plaintiff, the court will authorize service of the subpoenas by the United States Marshal only upon a showing of good cause, as discussed forthwith.

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct a non-party to an action to produce documents or other tangible objects for inspection. A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958). Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d). However, this court must consider the following limitations before directing the United States Marshal to personally serve a prisoner's proposed

3

subpoena duces tecum.

A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984)); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. In addition, a motion authorizing service of a subpoena duces tecum must be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010).

Subject to these considerations, the court will direct the United States Marshal to personally serve of one or more of plaintiff's completed subpoenas only upon proper application. Specifically, plaintiff must submit the proposed subpoena(s), in tandem with a separate request for service that demonstrates compliance with the above-noted requirements and, therefore, good cause to obtain the assistance of the United States Marshal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for general authorization to attend depositions noticed by defendants (ECF No. 37), is denied without prejudice.

2. Plaintiff's request to obtain four blank subpoenas duces tecum (ECF No. 38), is granted; the Clerk of Court is directed to send plaintiff four blank subpoenas duces tecum, which include instructions for their completion.

4

      3.  Plaintiff's request for reconsideration (ECF No. 33) of the undersigned's order denying his request for appointment of counsel (ECF No. 30), remains pending before the district judge.

Dated:  May 14, 2014

will2894.depo.sdt.

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE